IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VINCENT EASTWOOD, On Behalf of Himself
& All Others Similarly Situated                                                              PLAINTIFF

V.                                                    NO. 11-3075

SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY                                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On April 11, 2012, the undersigned held a hearing on Plaintiff's Motion to Certify Class Action. (Doc. 23). At the conclusion of the hearing, after hearing the arguments of counsel for both parties, the Court concluded as follows:

1. Further discovery is needed in order to determine whether the members of the class are readily ascertainable. There are issues as to whether Defendant's files contain documentation as to whether potential class members entered into an agreement or whether there was a court order indicating whether they were made whole, as required by Riley v. State Farm Mutual Automotive Ins. Co., ____S.W.3d ___, 2011 WL 2410521 (Ark. June 16, 2011). There are also issues relating to whether individual assessments would have to be made in determining numerosity. See Diaz v. Blue Cross and Blue Shield of Montana, 267 P. 3d 756 (Mont. 2011). In addition, the questions of commonality and typicality also involve some of the same issues relating to the procedures used by Defendant in determining subrogation rights, and whether the release signed by Plaintiff with the third party tortfeasor made Plaintiff atypical. At the class certification stage, Plaintiff does not need to present evidence because discovery often times has not yet occurred, and the district court is

bound to take the substantive allegations of the complaint as true.  <u>Lewis v. First American Title Ins. Co.</u>, 265 F.R.D. 536, 546 (D. Id. 2010).  However, the Court may consider evidence that supports or does not support class certification, but may certify a class without supporting evidence.  <u>Id.</u>  The Court can look beneath the surface of a complaint to determine whether the Rule 23 factors are met, and when the question of suitability for class treatment overlaps with a question related to the merits, the Court must make a "preliminary inquiry into the merits."  <u>In re Fedex Ground Package System, Inc. Employment</u>, 273 F.R.D. 516, 523 (N.D. Ind. 2010) quoting <u>Szabo v. Bridgeport Mach., Inc.</u>, 249 F.3d 672, 676 (7th Cir. 2001, <u>cert. denied</u>, 534 U.S. 951 (2001).  The Court believes this to be the case in the instant matter.

    2. In addition, the Court advised the parties to provide further briefing on the following issues:

        a) What constitutes an "agreement" in the context of the <u>Riley</u> case.

        b) Whether this case would more appropriately fit within certification under Fed.R.Civ.P. 23(b)(2) or 23(b)(3), in light of <u>Ferguson v. Safeco Ins. Co. of America</u>, 180 P.3d 1164 (Mont. 2008); <u>Powers v. Government Employees Ins. Co.</u>, 192 F.R.D. 313 (S.D. Fla. 1998); and <u>Diaz v. Blue Cross and Blue Shield of Montana</u>, 267 P. 3d 756 (Mont. 2011)(also addressing numerosity and typicality requirement).

        These issues should be addressed by the parties when and if a new Motion to Certify Class is filed, as indicated below.

    3. There is a Motion for Summary Judgment as to Defendant's Counterclaim pending (Doc. 17), and a Motion for Partial Summary Judgment on Breach of Contract Claim and Tort of

Conversion pending (Doc. 20), and it appears that a ruling on these motions may impact the issues relating to class certification.  For example, in its counterclaim, Defendant has alleged that Plaintiff had been made whole, and raised the concept of recoupment.  If a ruling is issued in favor of Defendant on Plaintiff's motion for summary judgment on Defendant's counterclaim, it would certainly impact the class certification ruling, in that Plaintiff would not have standing to pursue the action.

Accordingly, the undersigned believes that it is premature to determine the issues relating to class certification, and therefore **recommends that Plaintiff's Motion to Certify Class (Doc. 23), be denied, without prejudice to the Plaintiff's ability to request an extension of time to file a Motion to Certify Class within two weeks after a ruling on the summary judgment motions.**

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 24th day of April, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE