IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VINCENT EASTWOOD, individually and on behalf
of and All Others Similarly Situated                                              PLAINTIFF

v.                                              Case No. 3:11-CV-03075

SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Vincent Eastwood's Motion for Summary Judgment (Doc. 17) as to Defendant Southern Farm Bureau Casualty Insurance Company's ("SFB") Counterclaim, as well as SFB's Response in Opposition (Doc. 25). Also pending are Plaintiff's Motion for Partial Summary Judgment (Doc. 20) on his Breach of Contract and Conversion Claims, as well as SFB's Response in Opposition (Doc. 29). For the reasons articulated below, Plaintiff's Motion for Summary Judgment (Doc. 17) is **GRANTED**, and Plaintiff's Motion for Partial Summary Judgment (Doc. 20) is **DENIED**.

## I. Background

The parties agree that the following material facts underlie the legal dispute currently before the Court. On May 24, 2010, Plaintiff was involved in a car accident for which he was not at fault. At the time of the accident, Plaintiff was covered under a motor vehicle liability casualty insurance policy issued by Defendant SFB. The policy contained a $5,000 no-fault medical payment provision.

Because Plaintiff suffered injury in the car accident and incurred medical bills for his treatment, SFB paid the limit of the insurance policy's $5,000 medical benefit coverage. Subsequent to this, Plaintiff made a claim for bodily injury damages against Progressive Insurance Company

-1-

("Progressive"), the liability carrier providing insurance coverage to the person who was at fault in Plaintiff's auto accident.

Plaintiff, representing himself *pro se*, entered into a settlement agreement with Progressive; however, prior to Plaintiff receiving the settlement funds, SFB communicated directly with Progressive requesting a subrogation payment in the amount of $5,000. Progressive then deducted $5,000 from Plaintiff's settlement check and sent SFB a check for that amount. All parties agree that at the time SFB received the check from Progressive, no judicial determination had been made that Plaintiff had been made whole through his settlement, and Plaintiff had not entered into any agreement with SFB that he had been made whole by the settlement.

Plaintiff contends that he was not made whole and that SFB lacked the legal authority to obtain subrogation from Progressive without either Plaintiff's agreement or a judicial determination that Plaintiff had been made whole. Plaintiff filed suit against SFB on June 20, 2011, in the Circuit Court of Carroll County, Arkansas, alleging breach of contract and conversion, seeking injunctive relief, and bringing claims on behalf of a purported class of persons similarly situated. On July 28, 2011, Plaintiff filed a Second Amended Class Action Complaint (Doc. 3) in which he abandoned his claims for breach of contract and conversion in favor of asserting a single claim for declaratory judgment, with requested relief in the form of monetary restitution and a permanent injunction. The state court case was removed to this Court on September 6, 2011 by SFB.

On November 28, 2011, SFB filed an Amended Answer and Counterclaim for declaratory judgment (Doc. 15) with regard to SFB's right to retain the subrogation payment it received from Progressive. In its Answer, SFB maintained that as a result of the settlement between Plaintiff and Progressive, Plaintiff was presumptively made whole, and SFB was therefore entitled to recoupment

-2-

of the full amount of subrogation from Progressive.  In later pleadings, SFB asked the Court to examine the made-whole issue and make a determination as to whether Plaintiff was actually made whole by virtue of his settlement with Progressive, thus rendering SFB's recoupment of its subrogation payment presumptively valid.

Plaintiff filed a Motion for Summary Judgment (Doc. 17) as to SFB's counterclaim on December 6, 2011, asking the Court to find that SFB's presumption that Plaintiff was made whole at the time of settlement with Progressive was contrary to law, that the burden of showing that Plaintiff was made whole was on SFB, and that SFB was not permitted to take a portion of Plaintiff's settlement funds without Plaintiff's prior agreement or a judicial made-whole determination.

Plaintiff also filed a Motion for Partial Summary Judgment (Doc. 20) on alleged claims for breach of contract and conversion.  Defendant SFB, for its part, opposed Plaintiff's Motion for Partial Summary Judgment (Doc. 20) by arguing that Plaintiff failed to state claims for breach of contract and conversion in his Amended Complaint, and thus was not entitled to summary judgment on those claims.

## II.  Legal Standard

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th

Cir. 1998).  In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.  Discussion

### A.  SFB's Counterclaim for Declaratory Judgment

Since the material facts of this case are not in dispute, Plaintiff's Motion for Summary Judgment as to SFB's Counterclaim (Doc. 17) requires the Court to apply these undisputed facts to the relevant law.  Accordingly, the Court will now examine whether Arkansas law granted SFB the authority to solicit and retain a subrogation payment out of Plaintiff's settlement funds without (1) Plaintiff's prior agreement or (2) a judicial determination that Plaintiff was made whole by the settlement.  The Court will also address whether it is proper for the Court to engage in a made-whole determination regarding Plaintiff's settlement as part of the instant proceedings.

#### 1.  Legality of SFB's Subrogation Payment from Plaintiff's Settlement Proceeds

The Arkansas Supreme Court's opinion in *Riley v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 2410521 (Ark. June 16, 2011), is determinative of many of the issues now pending before this Court. The *Riley* case was decided on June 16, 2011, just days before Plaintiff filed his original complaint in state court, and it announced new legal standards regarding when an insurance company's right to subrogation would be enforceable.  Prior to *Riley*, Arkansas law was clear that an insurance company's right to subrogation arose only after the insured had been "made whole" for his loss. *Farm Bureau Cas. Inc. Co. v. Tallant*, 362 Ark. 17, 24 (Ark. 2005) ("[Plaintiff] is entitled to be made whole before [an insurer] is entitled to recover anything against [a third party settlement]");

*Franklin v. Healthsource of Arkansas*, 328 Ark. 163, 169 (Ark. 1997) ("[T]he insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred").  Under the made-whole doctrine, "an insured should not recover more than that which fully compensates, and an insurer should not recover any payments that should rightfully go to the insured so that he or she is fully compensated." *Tallant*, 362 Ark. at 24.

At the time *Riley* was decided by the Arkansas Supreme Court, it was unclear whether the insured himself had the burden of proving he had been made whole, or the insurer seeking subrogation had the burden of proof.  The *Riley* case definitively resolved this dispute, and is thus applicable to resolving the central disagreement in the case at bar.

The *Riley* plaintiff had suffered an injury in a car accident that was not her fault, just as the Plaintiff suffered in the instant case.  *See Riley*, 2011 WL 2410521 at *1.  Riley's insurer, State Farm, paid $5,000 in medical benefits on Riley's behalf and retained the right to seek subrogation for that medical payment.  Shortly after State Farm made the medical payment, Riley negotiated a settlement with GEICO, the third party insurer of the driver who was at fault in the car accident.  At that point, State Farm contacted GEICO directly, requesting a subrogation payment in the amount of $5,000.  *See id.* at *2.

After Riley settled with GEICO, she did not receive all of her settlement money.  Instead, GEICO divided the funds between Riley and State Farm, honoring State Farm's request for its subrogation payment.  Riley then protested that she had not been made whole through the settlement and, therefore, State Farm did not have a valid subrogation lien against the settlement proceeds.  State Farm replied that  Riley's settlement was sufficient to make her whole, and its subrogation

-5-

payment was properly collected.  *Id.* at *3.

   The *Riley* court held that a first party insurer's claim for subrogation did not arise or accrue until the first party carrier obtained a judicial declaration that its insured had been made whole by his settlement with a third party.  *Id.* at *12.  The court held that the only exception to this requirement would be if the insurer entered into a settlement agreement with its insured regarding the made-whole issue, stating as follows:

> "Absent an agreement or settlement between the parties, an insurer's right to subrogation does not accrue until there has been a legal determination by a court that the insured has been made whole.  However, when the parties are in disagreement, a determination made by the insurance company that the insured has been made whole does not suffice.  The consensus in Arkansas case law is that a legal determination, absent agreement of the parties, of whether the insured has been made whole can occur after a settlement is reached but must occur before the insurance company is entitled to recover in subrogation."

*Id.*

   The court in *Riley* went on to hold, explicitly, that "[an insurance company's] subrogation lien cannot arise, or attach, until the insured has received the settlement proceeds or damage award *and* until there is a judicial determination that the insured has been made whole."  *Id.* at *16 (emphasis added).

   The *Riley* case therefore establishes three things with regard to the instant dispute:  (1) SFB had no right to receive any of Plaintiff's settlement proceeds *until* a judicial determination was made that Plaintiff had been made whole; (2) it does not suffice that SFB made its own determination that Plaintiff was made whole; and (3) only a mutual agreement between Plaintiff and SFB about Plaintiff's made-whole status could possibly trump the requirement that a judicial determination be made before SFB could collect a subrogation payment from Plaintiff's settlement proceeds.

-6-

In light of the clear rules set forth in *Riley*, SFB cannot rely on its own opinion that Plaintiff "presumptively was made whole" by virtue of his settlement with Progressive.  (Doc. 15, p. 8). Moreover, to assert, as SFB does in its counterclaim, that "Plaintiff cannot carry his burden to demonstrate that he was not made whole in fact by the settlement," is to misconstrue the holding in *Riley*. *Id.*   *Riley* stands for the proposition that the burden of proof is on the insurer, SFB, to either make an agreement with Plaintiff as to the made-whole issue, or, failing that, to seek a judicial determination that Plaintiff has, in fact, been made whole.   Accordingly, Plaintiff's Motion for Summary Judgment with respect to SFB's counterclaim for declaratory judgment (Doc. 17) is GRANTED.[1]

### 2.  SFB's Request for a "Made Whole" Determination by the Court

SFB contends that "[t]he issue whether Eastwood has been made whole can and should be litigated in this proceeding." (Doc. 26, p. 7).  SFB asks that the Court evaluate Plaintiff's settlement with Progressive and assess whether Plaintiff was actually made whole by the settlement.  In making its request for a made-whole determination, SFB contends that it "clearly has standing to seek a

---

[1]  SFB has raised the affirmative defense of estoppel in response to Plaintiff's Motion for Partial Summary Judgment.  Having examined SFB's estoppel defense, the Court finds that it does not apply to the facts in the case at bar.  The Arkansas Supreme Court's decision in *Lavaca School Dist. No. 3 v. Charleston School Dist. No. 9*, 304 Ark. 104 (Ark. 1990), explains that a plaintiff's "silence" or inaction in the face of a defendant's allegedly wrongful act could, under certain circumstances, create an estoppel and bar the plaintiff's recovery.  The *Lavaca* court found that "[f]or silence alone to constitute an estoppel, there must be both the opportunity and the duty to speak.  The action of the person asserting the estoppel must be the natural result of the silence, and the silent party must be in a situation to know that someone is relying on the silence to his detriment." *Id.* at 107.  However, in the instant dispute, Plaintiff had no opportunity to "speak" – or in this case, object – before SFB appropriated $5,000 of his settlement money.  This is because SFB bypassed Plaintiff and asserted its claim for subrogation directly with the third party insurer, Progressive.  SFB's check for $5,000 from Progressive was made out to SFB individually, and SFB cashed that check before Plaintiff had the opportunity to object.  Accordingly, SFB's estoppel defense is meritless.

determination that Eastwood has been made whole so that SFB may recoup all or some of the med-pay funds that Eastwood claims as restitution." *Id.* at p. 3.

The Court disagrees that engaging in a made-whole determination is appropriate as part of the instant proceedings.  As discussed above, absent the agreement of Plaintiff, a made-whole determination by a court is needed before an insurance company may obtain reimbursement for a subrogation payment out of an insured's settlement with a third party.  If the Court were now to critically assess Plaintiff's settlement with Progressive and make a judicial determination that he was, in fact, made whole by it, such a determination would not undo the impropriety of SFB seeking subrogation prior to such judicial approval.  Further, engaging in a made-whole determination as part of these proceedings would establish an unacceptable precedent whereby an insurance company would be incentivized to act contrary to law in making its own unilateral made-whole determination, appropriating its insured's settlement funds without its insured's agreement, and then waiting for the insured to file suit to force a made-whole determination by the court.  Such a procedure would effectively shift the burden of proving that a plaintiff was made whole from the insurance company to the plaintiff, contrary to the rules established in *Riley*.

The Court, therefore, declines to engage in a made-whole determination regarding Plaintiff's settlement with Progressive, as, procedurally, such a determination is not properly a part of these proceedings and can only be made in a separate action.

**B.   Plaintiff's Claims for Breach of Contract and Conversion**

Plaintiff requests summary judgment on claims for breach of contract and conversion (Doc. 20).  However, such claims were not pled in Plaintiff's Second Amended Class Action Complaint. (Doc. 3).  It appears that Plaintiff abandoned his claims for breach of contract and conversion that

were present in his original complaint (Doc. 1-1), in favor of pleading a single cause of action for declaratory judgment, along with a request for injunctive and monetary relief. *See* Doc. 3, pp. 10-13.

In examining the Amended Complaint, it can perhaps be construed that, within the cause of action for a declaratory judgment, Plaintiff has alleged sufficient facts that could constitute separate, independent claims sounding in contract or tort. Nevertheless, the Court must take Plaintiff's Amended Complaint as he has presented it and cannot re-write his Complaint for him. Judging from the Amended Complaint, Plaintiff has failed to plead claims for breach of contract and conversion, and thus his Motion for Partial Summary Judgment on these claims is DENIED. A motion for summary judgment can only be properly brought by Plaintiff on his pled cause of action for declaratory judgment.

## IV. Conclusion

The Court has found that Plaintiff's Motion for Summary Judgment (Doc. 17) as to Defendant SFB's Counterclaim should be and hereby is **GRANTED**. Due to the legal precedent established in the case of *Riley v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 2410521 (Ark. June 16, 2011), SFB should have obtained either Plaintiff's agreement or a made-whole determination by a court prior to soliciting and receiving a subrogation payment of $5,000 from a third party insurance company. The Court therefore dismisses SFB's counterclaim for a declaratory judgment that its actions were permissible under Arkansas law. Further, SFB's request that the Court undertake a made-whole determination regarding Plaintiff's settlement is denied and may only be brought, if desired, in a separate proceeding.

Regarding Plaintiff's Motion for Partial Summary Judgment (Doc. 20), Plaintiff has failed to plead causes of action for breach of contract and conversion in his Second Amended Class Action

Complaint (Doc. 3).  Plaintiff is not entitled to summary judgment on claims he did not plead, and consequently his Motion for Partial Summary Judgment is **DENIED**.  The Court observes that Plaintiff is not precluded from filing a motion for summary judgment in the future as to his individual cause of action for a declaratory judgment, as pled in his Amended Complaint (Doc. 3).

Now that the pending motions for summary judgment have been decided, according to Magistrate Judge Erin L. Setser's Report and Recommendation regarding class certification (Doc. 34), as adopted (Doc. 37), Plaintiff has two weeks from today's date, or until August 2, 2012, to request an extension of time to file a new Motion to Certify Class.

IT IS SO ORDERED this 19th day of July, 2012.


/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE